R. R. Tingley et al., appellees, v. J. S. Gregory
et al., appellants.

[Filed September 16, 1890.]

Homestead: Value Exceeding Statutory Limit: Liens. In
an action in the nature of a creditor's bill to collect a judgment
on premises held as a homestead the value of which exceeded
$2,000 subject to certain liens, *held*, that a decree applying the
excess over $2,000 subject to the liens existing against the home-
stead prior to the commencement of the action was supported
by the weight of testimony.

Appeal from the district court of Lancaster county.
Heard below before Chapman, J.

*George E. Hibner*, and *J. S. Gregory*, for appellants.

*Robert Ryan* and *Thomas Ryan*, for appellee Tingley.

Maxwell, J.

This is an action in the nature of a creditor's bill brought
by the plaintiffs against John S. Gregory and E. Mary
Gregory to subject certain real estate in the city of Lin-
coln, which is occupied as a homestead by said Gregory
and wife, to the payment of a judgment. The petition is
in the usual form and alleges the recovery of the judg-
ment for deficiency after the sale of certain mortgaged
premises, the issue of an execution thereon returned
unsatisfied, and that the property in controversy belongs
to J. S. Gregory and wife and exceeds in value $2,000.

W. W. Gregory is a son of J. S. Gregory and wife and
purchased the property while this action was pending. In
what way a deficiency judgment came to be rendered against
the wife does not appear. The only question as to her lia-
bility raised by the answer is in connection with her hus-

Black v. C., B. & Q. R. Co.

band. If she was simply surety for him, the right to render a deficiency judgment against her is very doubtful. As the question is not raised by the pleadings it is probable that the debt was incurred in relation to her own separate estate, and that, therefore, she is liable as principal.

On the trial of the cause in the court below the issues were found in favor of the plaintiff and a decree rendered accordingly. A pretty careful reading of the testimony convinces us that the decree is the only one that should have been rendered, as it is in accord with the clear weight of testimony. The excess in value of the homestead over $2,000 is subject to valid liens which existed against it at the commencement of this action. Such liens will be paid in the order of their priority.

JUDGMENT AFFIRMED.

THE other judges concur.